His Honor, EMILE GODCHMUX,
rendered the opinion and decree of the Court, as follows:
Certain property in this city was sold .at public auction to Mr. Dreyfous, defendant, who thereafter refused to comply with the adjudication, thereupon the plaintiff, the Land Development Company of Louisiana, Ltd., terming itself a corporation .and claiming to be the 'owner of the' property and to have authorized said sale, instituted this suit for specific performance to compel defendant to comply with the adjudication.
The sole question argued and submitted to this Court is whether or not the auctioneer had authority “in writing from the seller, ’ ’ as required by E. C. C., 2606, to advertise and sell the property at public auction.
*352 Opinion and decree, April 24th, 1916.
Rehearing refused, May 29th, 1916.
The only written authorization of the auctioneer produced is one executed by and in the individual name of Mr. Cotonio, who claims not only to be a stockholder of plaintiff corporation but also to .hold a procuration from each of the remaining stockholders empowering him to order a sale of the property on behalf of the alleged corporation.
These several procurations have been'put in evidence and, in so far as we have been able to ascertain, the only clause therein at all pertinent is that which authorizes him ‘ ‘ to attend all and any meetings of the stockholders of any * * * corporate body or bodies, wherein the said constituent may be interested, and vote in the name of constituent on all questions and cases that shall or may be submitted to such meeting.”
This is but an ordinary proxy, authorizing him to attend corporate meetings on behalf of his constituents and to vote their stock. But it does not empower him to dispense with meetings or other formal, corporate action, and to arrogate to himself all those functions, such a,s the power to sell property, which in the present instance are expressly vested in the board of directors by the charter itself. It may be competent for all the stockholders of a corporation to vest such authority in an agent — as to this no opinion need be expressed — but the instrument upon which plaintiff presently relies clearly does not do so.
The judgment of the trial Court was for defendant and it is accordingly affirmed.
Judgment affirmed. .